32 C.C.P.A. (Patents)

## Application of KOPPLIN.

### Patent Appeal No. 4934.

Court of Customs and Patent Appeals.

Jan. 4, 1945.

Joseph J. Gravely and Carr & Carr & Gravely, all of St. Louis, Mo., for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

All of the claims of appellant's patent application, serial No. 331,516, filed April 25, 1940, for process of making smooth surface fibrous article, were rejected by the Primary Examiner as unpatentable over the prior art. The application is for a patent for the process of making the article described and claimed in appellant's companion application, 146 F.2d 1014, decided concurrently herewith.

The rejected claims are 1 to 8, inclusive, 10, and 13 to 17, inclusive. Claims 1, 6 and 8 are illustrative of the subject matter and read as follows:

"1. The process which consists in applying thermoplastic or thermosetting bonding material onto a surface of unwoven long-fiber matting in such quantity that the dry weight of the bonding material therein is more than one-eighth and less than two-thirds of the weight of the fiber, permitting the bonding material to become substantially dry and then compressing and heating the mass to produce a stiff product with a smooth surface."

"6. The process which consists in thinly coating the surface of matting consisting of long sisal fibers laid criss-cross in layers and needled with a resinous binder in liquid form without materially wetting the main mass in the middle of the matting, permitting the binder to become substantially dry and then molding the mass with heat and pressure."

"8. The process which consists in applying to the surface of matting of raw sisal a quantity of a quick drying solution of a thermo-plastic or thermo-setting resin sufficient to thinly coat the exposed portion of the sisal without materially wetting the main mass in the middle of the matting, permitting the solution to become substantially dry, then cutting a blank of pre-determined form from said matting and then positioning said blank in a mold and subjecting it to pressure."

The references relied upon are: Novotny, 1,398,143, November 22, 1921; Fowler, 2,080,886, May 18, 1937; Dodge, 2,249,888, July 22, 1941; Thompson et al., 2,267,316, December 23, 1941.

The application relates to a process of producing sheets of material, either single ply or laminated, the principal material of which is a loose mat of raw sisal fibers which are combined with bonding material such as phenol formaldehyde or vinyl resin in solution form. The starting mass of fibers is barb needled for the purpose of making it into a mat of desired shape or form, on one or both surfaces of which is applied the bonding material. The bonding material is mixed with a filling material which limits the extent of the penetration of the bonding material from the surface of the mat to its interior. After drying the bonding material, the coated mat is compressed and heated, producing a stiff product with a smooth surface. The laminated article may be made by building up several plies each composed of several layers in which the fibers of adjacent layers angle toward each other.

The methods disclosed by the prior art may be understood by reference to the descriptions of the cited patents, which are

the patents relied on here, to be found in said companion appeal No. 4933.

The Primary Examiner rejected claims 1 to 3, inclusive, on the Dodge, Novotny and Thompson et al. patents. He held that the use of limited amounts of binder is old in the art as taught by Novotny, and further that "The specific quantities of bonding material recited in the claims does [sic] not appear to be of critical significance, particularly in view of the wide range involved." The examiner further held that the patent to Thompson et al. discloses the use of limited amounts of resin binder with a sisal mat, and also that the operations of bringing the binder and fibers together are substantially the same as set out in those claims.

Claims 4, 5, 6, 7, 13 and 15 were held by the examiner to be similar to claims 1 to 3, inclusive, and the further reference in those claims to a criss-cross arrangement of fibers in the mat was held conventional as shown in the Fowler patent. Those claims were held anticipated in the Dodge, Novotny and Thompson et al. patents in view of the patent to Fowler.

He held that claims 8, 10, 14 and 16 were similar to claims 1 to 3, inclusive, and properly rejected on the patents of Dodge, Novotny and Thompson et al., stating that the reference in those claims to unimpregnated inner portions of the mat was clearly anticipated in the Thompson et al. patent.

Claim 17 was held similar to claims 4 to 7, inclusive, 13 and 15, and further contained the preliminary step of forming a criss-cross layered mat which is shown in the Fowler patent.

The Board of Appeals generally affirmed the decision of the examiner, but stated in its decision that the Novotny patent was not so pertinent in that the patentee was concerned more with a molded product made of different material and with laminated material. The board relied mainly on the patents to Dodge and Thompson et al. From that decision, this appeal was taken.

It appears to us that the processes disclosed in both the Dodge and Thompson et al. patents are sufficiently similar to that claimed by appellant as to render the involved claims unpatentable over either. The only difference between the process of the Dodge patent and that of appellant appears to be that Dodge impregnates his mat of fibers with resin and seemingly has no smooth surface. In the Thompson et al. patent a process is disclosed whereby the mass of fibers is merely coated with the binding solution. It is clear that the penetration of the solution into the body of a fibrous mat would depend upon the amount of binder applied and its viscosity. Certainly the patentees did not intend that the resin should penetrate through the mat. It will be noted that claims 6 and 8 merely state that the mat is thinly coated with the binder "without materially wetting the main mass in the middle of the matting." Thus it appears that the process of that patent meets appellant's claims in that respect.

Appellant contends that because in certain claims various amounts of resin binder are set out for use in ratio to various weights of fiber matting such ranges of proportion are critical. There is nothing in the record outside of the bare statement of these proportions in the claims to sustain such contention and therefore we cannot agree with appellant.

Appellant also contends that the use of a filler material in the bonding substance in certain claims renders those claims patentable. We agree with the Board of Appeals that it is old to use fillers in plastics to arrive at a desired viscosity. Moreover, appellant seems to admit that such use of fillers in plastic compositions is old and in common use for the reason that in his specification he mentions that "Fillers such as wood flour, wheat flour, pulverized silica, china clay, calcium carbonate, and others may be used in limited quantity as in other plastic compositions."

The step in the process of criss-crossing the fibers adds nothing patentable to the claims in which it appears since such a step is old as shown in the Fowler patent.

The decision of the Board of Appeals is affirmed.

Affirmed.